Filed 4/14/25  P. v. Murry CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DAMU AKILI MURRY,<br><br>    Defendant and Appellant. | B335625<br><br>(Los Angeles County<br>Super. Ct. No. YA108088) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Scott T. Millington, Judge.  Affirmed.

Heather Monasky, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Damu Akili Murry was convicted by a jury of one count of second degree robbery.  The trial court denied Murry's motion to strike his prior serious felony conviction and sentenced him to an aggregate term of six years in state prison.  Murry appealed, and

we appointed counsel to represent him. No arguable issues have been identified after review of the record by appointed appellate counsel or our own independent review. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 24, 2023 Murry entered a department store with an empty duffel bag. Kevin Hong, an asset protection agent, was watching the closed caption television screens in the store when he observed Murry pick up two pairs of pants and two black "hoodies," then immediately leave the store without paying. Hong approached Murry, identified himself as an asset protection agent, put his hand up with his palm forward, and said, "Stop, I'm with [the department store's] asset protection, and I need to recover the unpaid for merchandise that you have."

Murry began yelling at Hong and claimed the merchandise belonged to him and he was the owner of the department store. Hong reiterated that he needed "the stuff back and then you can go." Murry challenged Hong to a fight, threw the clothes on the ground, and held up his fists in front of his face. Hong put up his hands to defend himself, then Murry punched Hong in the mouth, causing his lip to bleed. Hong picked up the clothes and headed back into the store. Murry followed Hong into the store, carrying his duffel bag. Hong went to the fragrance counter where his manager was calling the police. Murry placed his duffel bag on the counter and demanded his money. Murry then left the store.

The information charged Murry with one count of second degree robbery (Pen. Code,[1] § 211) and alleged Murry had suffered a prior conviction of a serious or violent felony under the three strikes law (§§ 667, subds. (d), 1170.12). The information also alleged as aggravating circumstances that Murry had a prior felony conviction for which he served a prior term in prison or county jail (§ 1170, subd. (h); Cal. Rules of Court, rule 4.421(b)(3)) and that Murry committed the robbery while he was on probation, mandatory supervision, postrelease community supervision, or parole (Cal. Rules of Court, rule 4.421(b)(4)).

On October 13, 2023 the jury found Murry guilty of second degree robbery.  In a bifurcated proceeding the trial court found true Murry had suffered a prior strike conviction.  Murry filed a motion to dismiss his prior strike conviction pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.  The court considered the factors under *Romero* and *People v. Williams* (1998) 17 Cal.4th 148, 158, as well as recent amendments to section 1385, and concluded "that striking the strike would not be . . . in the interest of justice" and that dismissing the strike "would endanger public safety."  The court also found true the aggravating circumstances that Murry had served a prior term in county jail and was on probation at the time of the robbery.  The court sentenced Murry to six years in prison, comprising the middle term of three years doubled under the three strikes law. Murry timely appealed.

---

[1]     Further undesignated statutory references are to the Penal Code.

3

## DISCUSSION

We appointed counsel to represent Murry in this appeal. After reviewing the record, counsel filed a brief raising no issues. Appointed counsel advised Murry on December 13, 2024 that he could personally submit any contentions or issues he wanted the court to consider. Appointed counsel also sent Murry the transcripts of the record on appeal and a copy of the appellate brief. On December 16, 2024 this court also notified Murry that he could submit a supplemental brief within 30 days stating any grounds for appeal, contentions, or arguments he wanted us to consider. Despite granting Murry two extensions of time in which to file a supplemental brief, we received no response from Murry.

We have examined the record and are satisfied appellate counsel for Murry has complied with counsel's responsibilities and there are no arguable issues. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The judgment is affirmed.


FEUER, J.

We concur:



MARTINEZ, P. J.          SEGAL, J.


4